All of Appellants' pending motions and requests are denied.

**AFFIRMED.**

Eddy JOSEPH–OTHOMAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73438.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2008.

March 19, 2008.

Leslie L. Abrigo, Frank T. Morell, Chula Vista, CA, for Petitioner.

CAS–District Counsel, San Diego, CA, Shelley R. Goad, Office of the District Counsel Department of Homeland Security, Washington, DC, Ronald E. Lefevre, U.S. Department of Justice Civil Div./Office of Immigration Lit., San Francisco, CA, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Eddy Joseph–Othoman petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his asylum application. He contends that the IJ abused her discretion by concluding that there was insufficient objective evidence to substantiate a well-founded fear of persecution. Petitioner argues that the killing of his father by members of the National Union for the Total Independence of Angola ("UNITA"), the disappearance of his family shortly after the killing, and the ransacking of his home establish facts that would cause a reasonable person to fear persecution. Although UNITA insurgents apparently killed Joseph–Othoman's father in the course of stealing the government-owned truck he was driving, together with its cargo, there was no evidence as to the identity of the looters of the family home.

When the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency action. *Kebede v. Ashcroft,* 366 F.3d 808, 809 (9th Cir.2004). To conclude that the IJ erred in her findings, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

An alien is eligible for asylum if he or she cannot return to another country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A fear of persecution is "well-founded" if it is both subjectively genuine and objectively reasonable. *Ahmed v. Keisler,* 504 F.3d 1183, 1191 (9th Cir.2007). An applicant can establish objective reasonableness by providing "credible, direct, and specific evidence in the record of facts that would support a

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable fear of persecution." *Id.* (quoting *Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000)).

An alien seeking asylum also must demonstrate a nexus between the persecution and one of the five protected statutory grounds. *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005). An applicant is eligible for asylum only if the persecution is carried out "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Joseph–Othoman's testimony does not compel us to reverse the IJ's findings. A reasonable fact finder could conclude that the record lacks specific, objective evidence of persecution on account of a protected ground. First, there is no evidence that the tragic killing of Joseph–Othoman's father was anything other than an isolated violent crime. The record contains no evidence of a threat made against Joseph–Othoman or his family and no evidence that his father was killed on account of one of the five protected statutory grounds. Second, there is no evidence that UNITA was responsible for the disappearance of Joseph–Othoman's family and the ransacking of his house. Joseph–Othoman's father had no identification on his person that would have revealed his address, and government forces controlled the city in which he lived.

**PETITION DENIED.**